UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: RALPH F. D'ELIA a/k/a Ralph
Frank D'Elia, Jr. and LESLIE D'ELIA,

                Debtors.
_____
RALPH F. D'ELIA and LESLIE J. D'ELIA,

                Appellants,

vs.                              Case No. 2:10-cv-196-FtM-29
                                  Bankr. No. 9:08-bk-17544-ALP

JON WAAGE,

                Appellee.
_____

## OPINION AND ORDER

This matter comes before the Court on an appeal from the Bankruptcy Court's February 3, 2010, Order Denying Confirmation and Dismissing Case (Doc. #1-2) and February 17, 2010, Order Denying Motion for Reconsideration of the Order Dismissing the Case (Doc. #3-14).[1]  Appellants filed an Initial Brief (Doc. #4), appellee filed an Answer Brief (Doc. #7), and appellants filed a Reply (Doc. #8).  The issue on appeal is whether the Bankruptcy Court properly denied confirmation, dismissed the Chapter 13 case, and denied reconsideration.  After examination of the briefs and record, the

___

[1] The Court will hereinafter cite documents filed with the District Court as "Doc." and documents filed in the Bankruptcy case as "Bankr. Doc."  Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court or otherwise available through PACER.

Court finds that the decisional process would not be significantly aided by oral argument, and the parties have not requested oral argument.

## I.

On November 5, 2008, Ralph F. D'elia and Leslie J. D'elia (appellants or debtors) filed a voluntary Chapter 13 petition reflecting $3,435.64 in monthly disposable income on their B22C Official Form.  (Bankr. Doc. #1, p. 58).  On the same day, a Chapter 13 Plan (Bankr. Doc. #5) was filed proposing payments of $55.00 a month for 60 months, $1,000.00 for attorney's fees, naming one secured creditor, surrendering a house, and offering $3,000.00 to unsecured creditors.  On January 7, 2009, after the initial Section 341 Meeting, the Trustee issued an Unfavorable Recommendation Concerning Confirmation of the Plan for the following reasons:

> The Trustee is uncertain the Plan meets the best interest of creditors test; the Trustee has requested the following documents: Income Tax Returns and Pay stubs. It does not appear that the Debtors have dedicated all disposable income to the proposed Plan as required by 11 U.S.C. § 1325(1)(B). The Debtors must file an Amended Schedule J to show correct amount for the following expenses: 401K loan should be zero because already deducted on Schedule I; transportation approximately $500.00/mo. based on §341 testimonies. The Debtors are paying for child's college tuition. The Debtors appear to be over withholding for taxes. The Plan violates 11 U.S.C. Section 1326 in that no meaningful payments are proposed to be made to the Trustee. The proposed Plan payment is a negligible amount. The Debtors' Plan fails to provide for treatment of Suncoast (for Dodge Durango). An Amended Plan must be filed. An Amended 2016(b) and/or Plan needs to be filed to show the correct amount paid to

> Counsel for attorney fees. The Debtors' Current Monthly Income (Form B22C) needs to be amended to correct line (50) because it is overstated. Based on the Debtors' Form B22C, the unsecured creditors are not receiving sufficient funds.

(Bankr. Doc. #29.)

On January 26, 2009, debtors filed a 1st Amended Chapter 13 Plan (Bankr. Doc. #31) adding collateral to surrender (Dodge Durango) but proposing the same monthly payments and distribution to unsecured creditors. After an initial confirmation hearing that was continued in open court, debtors filed a 2nd Amended Chapter 13 Plan - Step Plan (Bankr. Doc. #35) proposing a payment of $55.00 a month for the first 3 months and $100.00 for the remaining months. The amount to unsecured creditors was also increased to $4,278.00.

On May 18, 2009, debtors filed a 3rd Amended Chapter 13 Plan - Step Plan (the Plan) (Bankr. Doc. #39) proposing a third step of $226.00 a month for the 10th through 60th months of payments, identifying a priority claim to the Internal Revenue Service, and the same amount to unsecured creditors. Amended Schedules I and J were also filed. (Bankr. Doc. #40.)

The confirmation hearing was scheduled for June 5, 2009, but was continued. On June 24, 2009, the secured creditor, Suncoast Schools Federal Credit Union (Suncoast) filed an objection because the 3rd Plan would modify its right to pursue an unsecured deficiency claim upon the surrender of the Dodge Durango. (Bankr. Doc. #41.) The docket reflects that the confirmation hearing was

again continued.  The objection of the secured creditor was sustained to the extent that Suncoast would be permitted a pro-rata distribution on its deficiency claim.  (Bankr. Doc. #42.)

On January 25, 2010, counsel for debtors moved to withdraw because debtors had obtained new counsel.  New counsel filed a Notice of Appearance (Bankr. Doc. #54) on January 28, 2010, the date of the confirmation hearing.  At the hearing, new counsel argued that there were no outstanding objections to confirmation and that the Trustee was proposing an unsubstantiated increase from $226.00 to $1,297.00 a month for payments.  The following exchange occurred:

> MR. WAAGE: Your Honor, we filed an unfavorable recommendation. We've been going back and forth with counsel. They have provided documents. They changed all kinds of things, like a budget that goes from -- a phone bill went from, let's see, $40 to 240. But, Your Honor, if they wanted a final hearing, if they wanted to go forward with this, they should have done this before, it's an '08 case.
>
> THE COURT: Confirmation is denied. There can't be two-year cases.
>
> . . .
>
> THE COURT: Confirmation is denied, ten days to --
>
> MR. WAAGE: Thank you, Your Honor.
>
> THE COURT: -- either amend or convert it.

(Bankr. Doc. #65, p. 6.)

On February 3, 2010, the Bankruptcy Court entered its Order Denying Confirmation and Dismissing Case (Effective Date of This

Order is 10 Days From Date of Entry)(Bankr. Doc. #55) stating that because the debtors' Plan "as filed, does not meet the requirements for confirmation and therefore confirmation is DENIED." The case was dismissed without prejudice with the Trustee to return monies to the debtors not previously disbursed, minus administrative expenses, unless the case was converted to Chapter 7. The Order provided 10 days to file an Amended Plan if the case was reinstated upon reconsideration or re-converted back to Chapter 13.

Counsel moved for reconsideration, arguing that there were no outstanding objections at the time of confirmation and debtors were current on payments, however the Trustee was demanding an increase to $1,200.00 a month for the remaining life of the plan, which counsel argued was impossible for debtors to meet. Counsel went on to argue that:

> The demanded increase from $250.00 to over $1200 per month was an unreasonable request and lacked basis in law and fact. The Debtors have re-analyzed their income and expenses, and will file those amendments contemporaneously with this motion. The Debtor's have also calculated an amended plan that they believe is confirmable based upon realistic income numbers that are "current".
>
> While this case is considered "over median income" according to the CMI, the court can take into consideration "projected income" for the purposes of plan funding. . . .
>
> Without requiring a party in interest to file a formal objection to confirmation, or absent specific finding of facts by the Court that forms the basis of the denial of confirmation, it is impossible for a Debtor to make necessary correction, conduct discovery under rule 9014, or put forth legal arguments for confirmation.

> This is one such case. The Debtors can only infer that because they are unable to make a payment that is over four times their current payment, that the Court denied confirmation.

(Bankr. Doc. #57, p. 2.)  Along with the motion, counsel filed an Amended Schedule I (Bankr. Doc. #58), an Amended Chapter 13 Statement (Bankr. Doc. #59) reflecting a monthly disposable income of $475.36, and an Amended Chapter 13 Plan (Bankr. Doc. #60) proposing a $660.00 monthly payment for 36 months, or longer and up to 60 months, listing no secured creditors, the same surrender of collateral, and $27,620.96 for unsecured creditors.

On February 17, 2010, the motion for reconsideration was denied based on a review of the motion and record, and for the additional basis that the motion for reconsideration was untimely under Fed. R. Bankr. P. 9023.  (Bankr. Doc. #62.)  The Notice of Appeal (Bankr. Doc. #64) was filed on February 25, 2010.

**II.**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. <u>In re Colortex Indus., Inc.</u>, 19 F.3d 1371, 1374 (11th Cir. 1994). The legal conclusions of the bankruptcy court are reviewed *de novo*, while findings of fact are reviewed for clear error.  <u>In re Globe Mfg. Corp.</u>, 567 F.3d 1291, 1296 (11th Cir. 2009); <u>In re Bardwell</u>, 610 F.2d 228, 230 (5th Cir. 1980)[2](test is whether there is

---

[2]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. (continued...)

sufficient evidence in the record to prevent clear error in the trial judge's findings). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." Crawford v. W. Electric Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984)(citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). On appeal, the lower court may be affirmed on any legal ground supported by the record. In re Walker, 515 F.3d 1204, 1212 (11th Cir. 2008). The Court need not address all issues raised on appeal if any ground in the record supports the judgment below. In re Monetary Group, 2 F.3d 1098, 1103 (11th Cir. 1993). Independent factual findings cannot be made on appeal, and if the bankruptcy court is "silent or ambiguous as to an outcome determinative factual question," the case must be remanded. In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993)(citations omitted).

## III.

Appellants argue that the Bankruptcy Court erred in denying confirmation because there was no indication of bad faith by debtors, and no unresolved creditor objections. Appellants also argue that the finding that the case was old is unrelated to the

---

[2](...continued)
1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

fact that the Plan was otherwise confirmable, and the secondary basis for denying the motion for reconsideration for untimeliness was clearly erroneous as the time had not in fact run.

The Bankruptcy Court must confirm a plan if it complies with the provisions of Chapter 13 and other applicable provisions of Title 11.  11 U.S.C. § 1325(a)(1).  If the Trustee or an unsecured creditor objects to the confirmation, the Bankruptcy Court may not approve the plan unless:  (1) the value of the distributed property under the plan is not less than the amount of the claim; or (2) the plan provides that all of the debtor's projected disposable income will be applied to payments for unsecured creditors.  11 U.S.C. § 1325(b)(1).  Under Title 11, United States Code, Section 1307(c),

> Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees and charges required under chapter 123 of title 28;
>
> (3) failure to file a plan timely under section 1321 of this title;
>
> (4) failure to commence making timely payments under section 1326 of this title;
>
> (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521;

(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521; or

(11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1307(c).

### A.

As a preliminary matter, the Trustee concedes that the motion for reconsideration was timely, although the Trustee argues the motion was otherwise properly denied.[3]  The Order Denying Motion for Reconsideration of the Order Dismissing the Case (Doc. #3-14) referenced the "ten day time" limit under Rule 9023, however Fed. R. Bankr. P. 9023 was amended in December 2009 to provide 14 days because of the corresponding change to Fed. R. Civ. P. 59, which

---

[3]The request for reconsideration was denied for two reasons, 1) after the Bankruptcy Court "considered the Motion together with the record"; and 2) due to untimeliness. (Bankr. Doc. #62.)

applies under the Code. Although the Order for which appellants sought reconsideration stated it was effective 10 days from the Order, the Rules clearly provide 14 days to move to alter or amend judgment, and the motion was timely filed.[3] Therefore, this secondary portion of the decision was clearly erroneous.

**B.**

The Trustee maintains that the Plan was not confirmable because it did not dedicate all of debtors' disposable income to the Plan for the applicable commitment period. The Trustee argues that there was a standing objection to confirmation, that is, the Trustee's unfavorable recommendation. The Trustee further argues that this was a standing objection despite not having the title "objection." In the alternative, the Trustee argues that Bankruptcy Court otherwise had the power under Section 105 to control its docket and could *sua sponte* dismiss the Chapter 13 under its general powers.

A "party in interest" may object to confirmation. 11 U.S.C. § 1324(a). A "party in interest" is not defined in the Code, although the trustee is explicitly included as a party in interest under 11 U.S.C. § 1109(b), and may be construed as included under 11 U.S.C. § 502(a) by virtue of 11 U.S.C. 704(a)(5). See also Fed.

---

[3]The Order was entered on February 3, 2010, and the Motion for Reconsideration was filed on February 15, 2010. Under Rules 9023 and 59, the motion was due to be filed on or before February 17, 2010, and therefore was timely. See also Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60.

R. Bankr. P. 4003(b)(a trustee is provided additional time separate from other parties in interest); <u>In re Allen</u>, No. 93-11588, 1994 WL 16005473, at *3 (Bankr. S.D. Ga. 1994)(a trustee is clearly a party in interest with standing to raise an objection).  "An objection to confirmation of a plan shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee, before confirmation of the plan."  Fed. R. Bankr. P. 3015(f).  <u>See also</u> Fed. R. Bankr. P. 3007(a)[4].  An objection to confirmation is governed by Rule 9014.[5] "If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues."  Fed. R. Bankr. P. 3015(f).  The Court notes that there were no findings, or even an implicit finding, of bad faith in the Chapter 13 case.  The proposed Plans were amended several times after the January 2009 unfavorable recommendation was issued, however, the Trustee did not file an "objection" to confirmation compliant with Rule 9014 prior

---

[4]"An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing."

[5]Under Fed. R. Bankr. P. 9014(a), "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  Discovery and testimony of witnesses are permitted under this Rule.  Fed. R. Bankr. P. 9014(c)-(e).

to the hearing.  See, e.g., In re White, 908 F.2d 691, 693 (11th Cir. 1990)(*sua sponte* ruling on a creditor's claim in the absence of an objection to the claim ignores procedural requirements of Rule 3007); In re Stein, 91 B.R. 796 (Bankr. S.D. Ohio 1988)(a negative recommendation by the Trustee does not constitute an objection).  The Bankruptcy Court clearly considered the deficiencies presented by the Trustee, including unreasonable delay under Section 1307(c)(1), however the Trustee failed to adhere to procedural requirements and file an objection.  The Court declines to treat the Trustee's negative recommendation as to the first plan as a standing objection to the subsequent plans.  Therefore, no objections were pending at the time confirmation was denied.

The Bankruptcy Court found that the debtors' "Chapter 13 Plan, as filed, does not meet the requirements for confirmation and therefore confirmation is DENIED." (Bankr. Doc. #55.)  Timeliness of a confirmation was raised at the hearing by the Trustee and the Bankruptcy Court stated that "[t]here can't be two-year cases". (Bankr. Doc. #65, p. 6.)  There is no rule of law that supports such a drop-dead rule.  Additionally, there is no indication what requirement is lacking in connection with the denial because the proposed Plan "does not meet the requirements for confirmation" of Section 1307. (Bankr. Doc. #55.)  Without some indication of the deficiency, there can be no meaningful appellate review. Therefore, the matter must be remanded to reconsider the last

proposed Plan. The Court need not address, and takes no position as to whether the Trustee could or may file an objection on remand, or whether the plan should be confirmed.

### C.

In the alternative, the Trustee argues that the Bankruptcy Court had the inherent authority under Section 105 of the Code for the purpose of "sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). This argument is rejected. Section 105 grants statutory contempt powers, distinct from the court's inherent powers. Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1554 (11th Cir. 1996). In this case, there was no finding of bad faith, or a basis to impose sanctions articulated, and the record does not support that confirmation was denied under any general power to enforce the court's orders. While a Bankruptcy Court has inherent authority, it does not have the authority to *sua sponte* dismiss the Chapter 13 case and deny confirmation without a proper reason or with prejudice to debtors' right to seek conversion. See, e.g., In re Moog, 774 F.2d 1073, 1076 (11th Cir. 1985)(citing In re Gusam Restaurant Corp., 737 F.2d 274 (2d Cir. 1984), and finding that bankruptcy court had no authority to *sua sponte* dismiss Chapter 11 absent a finding of bad faith); In re Terry, 630 F.2d 634, 636 n.5 (8th Cir. 1980)(the "court cannot order dismissal or conversion on

its own motion"). But cf. In re Beard, 1996 WL 248804, at *5 (5th Cir. Apr. 3, 1996)(*sua sponte* dismissal not expressly authorized under Code but consistent with Section 105 where bad faith finding made). Herein the Bankruptcy Court found the failure to comply with requirements for confirmation, and not Section 105 or bad faith, and failed to identify any basis to exercise its inherent authority. Therefore, the alternative argument is without merit.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Bankruptcy Court's February 3, 2010, Order Denying Confirmation and Dismissing Case (Bankr. Doc. #55) and Order Denying Motion for Reconsideration of the Order Dismissing the Case (Bankr. Doc. #62) are **REVERSED**, and the matter **REMANDED** to the Bankruptcy Court to **VACATE** the Orders and reconsider the last proposed Plan. The Clerk shall enter judgment accordingly, transmit a copy of this Opinion and Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of April, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-14-